UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY RENA BROWN, ) | |
| ) | |
| Petitioner, ) | 3 08 0946 |
| ) | |
| v. ) | No. 3:08mc0190 |
| ) | Judge Nixon |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

The petitioner, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Federal Correctional Institution (FCI), Forrest City, Arkansas. The petitioner brings this action under 28 U.S.C. § 1651, seeking a writ of *audita querela*

The petitioner and a companion were involved in a series of armed bank robberies in Memphis and Nashville. Following his arrest, the petitioner pled guilty to three counts of aiding and abetting armed bank robbery arising from his criminal conduct in Memphis. At the same hearing, the petitioner pled guilty to an armed bank robbery in Nashville, with a mandatory enhancement for the use of a firearm during the robbery. For these crimes, the petitioner received an aggregate sentence of one hundred eighty-five months, followed by five years supervised release. *USA v Brown*, 3:00cr00088 (M.D Tenn. Apr. 26, 2000)(Nixon, J.); *USA v. Brown*, No. 3:98cr00170 (M.D. Tenn. Dec. 3, 1998)(Nixon, J.).

On April 19, 2004, the petitioner filed a motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255 *Brown v. USA*, No. 3:04-0339 (M.D. Tenn. Apr. 19, 2004)(Nixon, J.). The motion was denied and the action was dismissed on September 20, 2005. (Case No. 3:04-0339; Docket Entry No. 20-21). The Sixth Circuit denied the petitioner's application for a certificate of

appealability on October 3, 2006. (Case No. 3:04-0339; Docket Entry No. 26).

The crux of the instant petition is that the trial judge "impose[d] a long list of enhancements that drastically increased [his] sentence." (Docket Entry No. 1, p. 4) The petitioner asserts that "several of he enhancements are cumulative, multiplicious [sic], and equate to double counting." (Docket Entry No. 1, p. 5) Noting that *United States v. Booker* and *Fanfan*, 543 U.S. 220 (2005) rendered unconstitutional the Sentencing Guidelines in effect at the time he was sentenced, and that the Sixth Circuit subsequently determined in *Humphress v. USA*, 398 F.3d 855, 860 (6th Cir. 2005) that *Booker-Fanfan* was not retroactively applicable on collateral review, the petitioner asserts that "the only avenue to raise this meritorious claim is the common law Writ of Audita Querela . . . ." (Docket Entry No. 1, pp. 4-5) The petitioner asks that his case be remanded for "resentencing without the (+28) points that the district court applied to [his] offence level . . . ." (Docket Entry No. 1, p. 8)

Regardless the label that the petitioner affixes to his petition, the petition is a collateral challenge to the sentence imposed by the district court and, therefore, falls under 28 U.S.C. § 2255. *See USA v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002)(a petitioner cannot avoid the bar against successive § 2255 motions "by simply styling a petition under a different name"); *see also USA v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993). Common law writs such as *audita querela* survive "only to the extent that they fill 'gaps' in the current system of postconviciton relief." *Carrington v. USA*, 503 F.3d 888, 890 (9th Cir. 2007). A writ of *audita querela* is not an available remedy where the claims raised are cognizable under § 2255. *Id.* The mere fact that a petitioner may be precluded from filing a second § 2255 petition does not establish that the remedy under § 2255 is inadequate. *See Coleman v. USA*, 106 F.3d 339, 341 (10th Cir. 1997).

2

Next, as the petitioner correctly notes, *Booker-Fanfan* does not apply retroactively on collateral review. Because the instant action does not constitute a direct appeal, it is a request for collateral review. Consequently, the relief that the petitioner seeks under *Booker-Fanfan* is unavailable through a writ of *audita querela*. *See USA v. Richter*, 510 F.3d 103, 104 (2nd Cir. 2007)

Finally, the Court notes that the petitioner raised this issue in his earlier § 2255 motion. Specifically, the petitioner amended his original § 2255 motion on February 1, 2005 to include a claim that his sentence was improperly enhanced in violation of the Supreme Court's decision in *Booker-Fanfan*. (Case No. 3:04-0339; Docket Entry No. 7) The Court denied his claim for relief because *Booker-Fanfan* did "not apply retroactively in a collateral § 2255 proceeding" and, as such, *Booker-Fanfan* did "not provide [him] with an actionable claim." (Case No. 3:04-0339, Docket Entry No. 20, p. 6) Because the petitioner has raised this issue previously, he is barred from doing so again under the doctrine of *res judicata*.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss an action such as the one before the Court if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). An action is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend . . . to avoid a *sua sponte* dismissal," *McGore v.*

3

*Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

As reasoned herein, the petitioner's request for relief by way of a writ of *querela audita* lacks an arguable basis in law or fact. Accordingly, the petition will be dismissed as frivolous. Dismissal of this action shall constitute a "strike" under 28 U.S.C. § 1915(g).

An appropriate Order will be entered.

                                              John T. Nixon
                                              Senior United States District Judge

4

Case 3:08-cv-00946  Document 7  Filed 09/25/08  Page 4 of 4 PageID #: 31